UNITED STATES of America, Plaintiff–Appellee,

v.

Terrance SWEAT, Defendant–Appellant.

No. 03–20612.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 5, 2005.

James Lee Turner, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Daucie Elana Shefman, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Terrance Sweat. *United States v. Sweat,* No. 03–20612 (5th Cir. Jun. 21, 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Sweat v. United States,* —— U.S. ——, 125 S.Ct. 993, 160 L.Ed.2d 1018 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Sweat contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker.* This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor,* 409 F.3d 675, 676–77 (5th Cir.2005). Sweat identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Id.* (citing *United States v. Hernandez–Gonzalez,* 405 F.3d 260, 261 (5th Cir.2005); *United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.), *cert. denied* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d. —— (2005)). This court has rejected the argument that a *Booker* error is a structural error or that such error is presumptively prejudicial. *Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005). Because Sweat has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." *See Taylor,* 409 F.3d at 676–77.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Sweat's conviction and sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.